**PROPUBLICA**

August 14, 2023

**FILED VIA ECF**

Hon. Naomi Reice Buchwald
U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Pre-conference status update in *Pro Publica, Inc. and PG Publishing Co. v. Food and Drug Administration*, 23-CV-3365**

Dear Judge Buchwald:

Per the Court's request, the parties in the above-referenced matter jointly submit this status report in advance of the telephonic conference scheduled in this matter on August 15, 2023.

Between January 18 and February 9, 2023, Plaintiffs ProPublica, Inc. and PG Publishing Co. ("Plaintiffs") submitted four FOIA requests to the U.S. Food and Drug Administration ("FDA") regarding Philips Respironics, Inc.'s ("Philips") recall of ventilators and other breathing devices. Plaintiffs filed the Complaint on April 21, 2023. ECF No. 7. FDA filed an Answer on May 25, 2023. ECF No. 11. Since early June, the parties have been meeting and conferring to narrow the issues for litigation.

Plaintiffs respectfully request that the Court order FDA to process at least 500 pages of records by September 1, 2023, and at least 1,000 pages of records every month thereafter until the production has been completed, producing the records on a rolling basis, and prioritizing the 2023-764 request ("764 Request") followed by the 2023-1235 request ("1235 Request").

Defendant respectfully requests that the Court order the parties to continue negotiating in good faith. If the Court intends to enter an order regarding processing deadlines, Defendant requests that it be ordered to process 1,150 pages of records that are potentially responsive to FOIA request number 2023-614 (the "614 Request") and the 1235 Request by September 20, 2023. By October 31, Defendant can process another 2,000 pages of records: 1,000 pages potentially responsive to the 614 Request and 1,000 potentially responsive to the 764 Request. Thus, by the end of October, Defendant will have finished processing the 764 Request and the 1235 Request. Thereafter, every month Defendant would process 1,000 pages of potentially responsive records, and produce responsive records, until FDA completes all three productions.[1] Defendant will

[1] Defendant can process 2,000 pages in October because a different Center, the Office of Regulatory Affairs ("ORA"), will be involved in processing the 764 Request. This allows the two different centers to each process 1,000 pages, but once ORA has finished processing the records, the Center for Device and Radiological Health will be able to process only 1,000 pages a

continue to work with Plaintiffs to prioritize records that Plaintiffs identify.

Plaintiffs' Position

This case stems from four FOIA requests submitted by Plaintiffs between January 18 and February 19, 2023, seeking records pertaining to FDA's oversight of a recall of 15 million ventilators and other breathing devices that may be lethal when used. FDA has received more than 105,000 reports linking these devices to a death or serious injury (or malfunctions that would be likely to cause a death or serious injury), including 385 reports of death so far.[2] Plaintiffs are news organizations that seek these records in connection with time-sensitive reporting on whether FDA is sufficiently supervising the recall process and whether Philips is providing adequate notice to its consumers and taking appropriate steps to mitigate harm. ECF No. 1. FDA has not released any of the requested records or issued a determination as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

Defendant's position[3]

Defendant and Plaintiffs are still in the process of meeting and conferring, and Defendant has not yet had the opportunity to fully explain its position to Plaintiffs. Additional negotiations may eliminate the need for the Court to order a specific processing schedule, and, therefore, the Court should not enter one yet.

In addition, Defendant is under a heavy burden from FOIA requests. Since January 1, 2023, Defendant has received more than 7,000 FOIA requests, averaging more than 30 FOIA requests a day. At this rate, by the end of the year Defendant will have received in excess of 10,000 FOIA requests.

To deal with this volume of FOIA requests, Defendant utilizes a decentralized system. After a FOIA request is received and logged, the request is assigned to the FDA component reasonably likely to possess responsive records. Here, the FDA components assigned to the four FOIA requests at issue in this case have more than 1,500 FOIA requests pending, are actively processing more than 500 requests, and have more than a half dozen matters in litigation.

Defendant assigned Plaintiffs' FOIA requests to the appropriate offices, has begun collecting records for the requests, and is beginning its review of the potentially responsive records. Defendant will process more than 1,000 pages by September 20th, 2,000 pages by October 31, and 1,000 pages in each subsequent month.

---

month on its own.

[2] *See* UPDATE: Certain Philips Respironics Ventilators, BiPAP Machines, and CPAP Machines Recalled Due to Potential Health Risks: FDA Safety Communication (current as of June 2, 2023), https://www.fda.gov/medical-devices/safety-communications/update-certain-philips-respironics-ventilators-bipap-machines-and-cpap-machines-recalled-due#mdr.

[3] To the extent the Court is not prepared to make a ruling regarding these deadlines based on the limited record before it, FDA requests the opportunity to submit declarations and further briefing in support of these statements.

PROPUBLICA

**Status of FOIA requests**

1. **The 764 Request**

Plaintiffs submitted the 764 Request on January 27, 2023. ECF No. 1 at ¶ 19. This is Plaintiffs' highest priority request. It seeks copies of several documents that are described and summarized in a publicly released report issued by FDA concerning the recall and dated November 9, 2021. *See id.*; FDA Form 483 re Philips (Nov. 9, 2021), https://www.fda.gov/media/154244/download.

<u>Plaintiffs' Position</u>: Plaintiffs ask that FDA prioritize certain sub-parts of the 764 Request (¶¶ 1, 2, 4, 7-9) and produce those sub-parts by the end of August, with production occurring on a rolling basis. Plaintiffs do not believe this production should be delayed any longer. These are tests regarding the health risks of Philips' defective devices and the foam used within those devices. They do not concern trade secrets or commercial or financial information, as Exemption 4 requires; nor are they privileged or confidential. Summaries of these tests have already been published with narrow redactions, so it should be clear what information FDA believes should be withheld. *See* https://www.fda.gov/media/154244/download. (Plaintiffs reserve their right to object to such redactions as they determine appropriate.) The notice requirement FDA points to does not apply to information that "has previously been published or made generally available," 21 C.F.R. § 20.61(f)(2), and in any event, FDA was required to provide notice to Philips when this lawsuit was filed in April 2023, so further delay should not be required. § 20.61(e)(4).

<u>Defendant's Position</u>: Because Philips has designated many of the records responsive to the 764 Request exempt from disclosure under Exemption 4 of FOIA, 5 U.S.C. § 552(b)(4), and the records are therefore subject to a predisclosure notification ("PDN") process described in 21 C.F.R. § 20.61(e), Defendant is unable to produce all of the records responsive to the request by the end of August and comply with 21 C.F.R. § 20.61(e). FDA has already collected responsive records and is currently conducting a line-by-line review of the more than 1,000 pages of records that are potentially responsive to the request to determine which, if any, FOIA exemptions apply.[4] However, the PDN process gives Philips at least 10 working days to object to the disclosure of any part of the records and to state all bases for its objections. Given the number of pages at issue, Philips may request additional time once it receives FDA's initial redactions. After Philips has completed its review, FDA will need more time to review Philips' redactions and ensure redactions have been uniformly applied and are not overly or underly inclusive. This review process cannot be completed in the next two weeks. FDA proposes that it complete its initial review of the records, more than 1,000 potentially responsive pages in all, by September 20, 2023, and produce responsive records as soon as the PDN process is complete.

2. **The 1235 Request**

Plaintiffs submitted the 1235 Request on February 9, 2023. ECF No. 1 at ¶ 15. This request seeks periodic recall status reports submitted to FDA by Royal Philips since its June 2021 recall.

[4] Plaintiffs have never seen these records, and their assertions that the records "do not concern trade secrets or commercial or financial information" and are not privileged and confidential is speculation.

PROPUBLICA

Plaintiffs' Position: Plaintiffs propose that FDA produce the most recent status report by August 31, 2023. Plaintiffs have noted that they may agree to withdraw their request for earlier status reports after reviewing the most recent status report, given FDA's representation that later reports are comprehensive of earlier reports.

Defendant's Position: Defendant proposes that it produce the most recent status report by September 20, 2023. This timeline gives FDA time to perform the line-by-line review necessary on the more than 150 pages that are potentially responsive to this request, while allowing FDA to continue processing other FOIA requests from Plaintiffs and other requesters.

3. **The 614 Request**

Plaintiffs submitted the 614 Request on January 18, 2023, seeking certain email correspondence between FDA and Philips. ECF No. 1 at ¶ 32. Defendant has collected and captured in PDF form the emails that are potentially responsive to the 614 Request. This search yielded approximately 14,000 pages of records. Defendant has agreed to process 1,000 pages of these records a month. Defendant proposes making its first production of records responsive to the 614 Request on September 20th, and making subsequent productions on a monthly basis thereafter. Plaintiffs agree to Defendants' proposal.

4. **The 1154 Request**

Plaintiffs submitted FOIA request number 2023-1154 (the "1154 Request") on or about February 8, 2023. It seeks consumer complaint records received by Philips concerning the defective devices. FDA has represented that it does not have the complaints referenced in the Request and the parties are still conferring regarding this Request.

We thank the Court for its assistance with this matter.

Respectfully submitted,

/s/ Sarah Matthews
Sarah Matthews
Deputy General Counsel
Pro Publica, Inc.
155 Avenue of the Americas, 13th Floor
New York, NY 10013
sarah.matthews@propublica.org
917.512.0288

*Counsel for Plaintiffs*

PROPUBLICA

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Christine S. Poscablo
CHRISTINE S. POSCABLO
Assistant United States Attorney
86 Chamber Street, 3rd Floor
New York, New York 10007
christine.poscablo@usdoj.gov
(212) 637-2674

*Counsel for Defendant*